IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Criminal Action No. 22-11-MN |
| | ) |
| OLUGBENGA LAWAL, | ) |
| also known as "Razak Aolugbengela," | ) |
| | ) |
| Defendant. | ) |

**<u>MEMORANDUM OPINION</u>**

David C. Weiss, United States Attorney, Jesse S. Wagner, Assistant United States Attorney, Wilmington, DE – attorneys for Plaintiff

Steve E. Jarmon, Jr., LAMB MCERLANE, PC, West Chester, PA – attorney for Defendant

January 4, 2024
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE**

    The Court presided over a four-day jury trial from August 7, 2023 to August 10, 2023. (*See* D.I. 190-193 ("Tr.")). At the conclusion, the jury found Defendant, Olubenga Lawal, guilty of violation of 18 U.S.C. § 1956(h) for conspiracy to conceal the proceeds of illegal activity ("concealment money laundering") and conspiracy to make transactions with those proceeds ("spending money laundering"). Presently before the Court is Defendant's Motion for Judgment of Acquittal or for a New Trial (D.I. 178), seeking a judgement of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure or, alternatively, a new trial pursuant to Rule 33. For the following reasons, the Court will deny Defendant's motion.

**I.    BACKGROUND**

    On February 1, 2022, a Grand Jury indicted Defendant on one count of Conspiracy to Commit Money Laundering (D.I. 3) for concealment money laundering and spending money laundering, both in violation of 18 U.S.C. § 1956(h). (D.I. 3 at 4-5; D.I. 186 at 9-10). On August 10, 2023, the jury found Defendant guilty of both conspiracy to commit concealment money laundering and conspiracy to commit spending money laundering. (D.I. 171). On August 23, 2023, Defendant filed a Motion for Judgment of Acquittal or for a New Trial. (D.I. 178). The Government responded. (D.I. 186).

**II.    DISCUSSION**

    **A.    Legal Standards**

    Rule 29(c)(2) of the Federal Rules of Criminal Procedure states that "if the jury has returned a guilty verdict, the court may set aside the verdict and enter an acquittal." FED. R. CRIM. P. 29(c)(2). When reviewing a Rule 29 Motion for Acquittal, a court "must review the record in the light most favorable to the prosecution to determine whether any rational trier of fact could have found proof of guilt beyond a reasonable doubt based on the available evidence." *U.S. v.*

*Brodie*, 403 F.3d 123, 133 (3d Cir. 2005) (internal quotation marks omitted). The court must also "view the evidence in the light most favorable to the verdict, and must presume that the jury has properly carried out its functions of evaluating credibility of witnesses, finding the facts, and drawing justifiable inferences." *U.S. v. Lacy*, 446 F.3d 448, 451 (3d Cir. 2006).

Rule 33(a) states that "upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). Two aspects of this rule are pertinent to this case. First, when a defendant seeks a new trial on the grounds that the jury's verdict is contrary to the weight of the evidence, a court may only grant a new trial if it sees a "serious danger that a miscarriage of justice has occurred – that is, that an innocent person has been convicted." *U.S. v. Johnson*, 302 F.3d 139, 150 (3d Cir. 2002) (quoting *U.S. v. Santos*, 20 F.3d 280, 285 (7th Cir. 1994)). Second, when a Rule 33 motion argues that certain evidence was improperly admitted, a court must order a new trial if these evidentiary errors, "when combined, so infected the jury's deliberations that [those errors] had a substantial influence on the outcome of the trial." *U.S. v. Thornton*, 1 F.3d 149, 156 (3d Cir. 1993) (quoting *U.S. v. Hill*, 976 F.2d 132, 145 (3d Cir. 1992)).

B. **Defendant's Motion for Acquittal**

Defendant's motion for acquittal pursuant to Rule 29(a) argues that the government did not adequately prove that Defendant acted with the knowledge required for concealment money laundering, spending money laundering, or conspiracy to commit these crimes. (D.I. 171 at 3-4). The Court disagrees.

When a Rule 29 motion concerns a conspiracy conviction, a court may only reverse the conviction and order an acquittal if the jury's verdict "fall[s] below the threshold of bare rationality." *See U.S. v. Caraballo-Rodriguez*, 726 F.3d 418, 431 (3d Cir. 2013) (quoting *Coleman v. Johnson*, 566 U.S. 650, 656 (2012)) (applying this standard to a drug conspiracy case). *See also*

2

*U.S. v. Allinson*, 27 F.4th 913, 917 (3d Cir. 2022) (extending this standard to a non-drug conspiracy case). A verdict does not fall below this threshold – or warrant a reversal – simply because a jury drew one inference from evidence that could have supported other plausible inferences. *Caraballo-Rodriguez*, 726 F.3d at 432.

Jurors can infer knowledge of money laundering from evidence of different activities, including third parties being instructed to send money to a defendant, and a defendant's depositing these funds in a complex web of corporate accounts. *See U.S. v. Maragh*, 532 Fed. Appx. 256, 258 (3d Cir. 2018); *U.S. v. Podlucky,* 567 Fed. Appx. 139, 146 (3d Cir. 2014). Here, the government presented copious evidence of Defendant's knowledge of the money-laundering scheme at trial. For example, the evidence showed that between January 2019 and May 2020, Defendant received more than $3.6 million across seven bank accounts that he opened in his own name or the name of his business entity, Luxe Logistics LLC. (Tr. at 706-07; GX 207). The evidence also showed that between May of 2019 and July of 2020, Defendant opened nine bank accounts in those names, each of which was shut down within three to six months. (GX 200).

The evidence at trial also included testimony of co-defendants, Rita Assane and Michael Herman and victims of the fraudulent schemes. Both Assane and Herman described receiving repeated instructions from the Nigerian leader of the criminal conspiracy to send proceeds directly to Lawal. (*See* Tr. at 306-20 (Hermann); Tr. at 661-60 (Assane)). Both confirmed that the money sent to Lawal derived from fraud, and bank records confirmed that the money was deposited into Lawal's accounts. (*See* Tr. at 305-06, 319-20 (Hermann); Tr. at 644-59 (Assane); GX 208). Shipping records showed that Lawal closely tracked the status of the packages containing fraud proceeds over the internet before receiving the packages and depositing their contents into his accounts. (Tr. at 726-29; GX 208; GX 209). Victims testified that they were directed to send

3

money to Defendant or Luxe Logistics LLC, or deposit money directly into Defendant's bank accounts. (*See* Tr. at 195-203 (V.P.); Tr. at 229-31 (D.C.); Tr. at 414-19 (F.A.); Tr. at 550-54 (F.M.)).

FBI Special Agent Katherine Martinez ("S.A. Martinez") testified about the pattern of financial activity she observed when reviewing Defendant's bank records. She identified checks deposited into his accounts containing memo lines with fictitious descriptions. (Tr. at 743-44 (discussing $100,000 check with memo line "Andrew-Legal"); Tr. at 760 (discussing $27,000 check with memo line "house remodeling")). S.A. Martinez also testified that it was unusual that more than a million dollars coming into Defendant's personal accounts did not come from "a steady incoming source of salary" but rather from "really large dollar amount transactions from a lot of different business entities and individuals from all over the country" (Tr. at 744-45) and that she could discern no identifiable connection between the large incoming deposits and subsequent purchases and withdrawals made with the deposited funds (Tr. at 745). S.A. Martinez testified that many of the funds deposited across Defendant's multiple accounts "were rapidly withdrawn from the account within a few days." (Tr. at 744-745, 751).

Thus, although Defendant tries to dismiss the evidence as a "paper trail," (D.I. 178 at 15), it is much more than that and the jury properly relied upon it to conclude that Defendant knew he was laundering money obtained from criminal activity.

C. **Defendant's Motion for a New Trial**

Defendant seeks a new trial under Rule 33(a) on two grounds. First, he argues that the government's evidence weighs so heavily against the jury's guilty verdict that the Court can and should order a new trial. (D.I. 178 at 18-20). Second, Defendant argues that certain evidence was improperly admitted at trial and, therefore, Third Circuit precedent requires this Court to order a new trial. (D.I. 178 at 20-23). The Court considers and rejects each of these arguments in turn.

4

The Third Circuit cautions that weight-of-the-evidence motions for a new trial are "not favored" and should be granted "sparingly and only in exceptional cases." *U.S. v. Salahuddin*, 765 F.3d 329, 346 (3d Cir. 2014).  This is not such a case.  Instead, Defendant "essentially rehash[es]" the evidence that this Court has already found insufficient to warrant an acquittal under Rule 29 (D.I. 178 at 19-20), a strategy the Third Circuit has found to be unavailing.  *See U.S. v. Johnson*, 302 F.3d 139, 150 (3d Cir. 2002).  Accordingly, the Court finds that the weight of the evidence does not demand a new trial.

As to evidentiary errors, a court must order a new trial if the combined weight of evidentiary errors "so infected the jury's deliberations that [those errors] had a substantial influence on the outcome of the trial." *U.S. v. Thornton*, 1 F.3d 149, 156 (3d Cir. 1993) (quoting *U.S. v. Hill*, 976 F.2d 132, 145 (3d Cir. 1992)).  Defendant alleges that two evidentiary errors had such an influence in his trial.

First, Defendant argues that this Court should not have let FBI Special Agent Edgar Koby, Jr. ("S.A. Koby") testify as an expert witness on transnational organized crime.  (D.I. 178 at 20). Defendant asserts that, because Defendant's knowledge of his actions' criminal connections was the sole fact for the jury to decide, allowing S.A. Koby's testimony violated Rule 702 of the Federal Rules of Evidence.  (D.I. 178 at 20-22).  The Court disagrees.  Although Defendant's knowledge was for "the trier of fact alone" to determine, Fed. R. Evid. 704(b), Rule 702 permits expert testimony that "will help the trier of fact to . . . determine the fact at issue," Fed. R. Evid. 702(a), and the Third Circuit has repeatedly found that law enforcement may testify about the general nature of criminal activities to help a jury decide whether a defendant had a requisite state of mind. *See U.S. v. Gibbs*, 190 F.3d 188, 213 (3d Cir. 1999) *and U.S. v. Davis*, 397 F.3d 173, 179 (3d Cir. 2005).  As the Government points out in its response to Defendant's motion, S.A. Koby only

testified about the workings of transnational criminal operations like the one in this case; not "about [Defendant], his actions, or his knowledge or lack thereof in any respect." (D.I. 186 at 24). For this reason, the Court finds that S.A. Koby's testimony was not admitted in error.

Defendant also argues that the admission of S.A. Koby's testimony violated Rule 403 of the Federal Rules of Evidence because "the probative value (here, none) was outweighed by the danger of unfair prejudice to the defendant." (D.I. 179 at 22). Again, the Court disagrees. S.A. Koby's testimony had probative value. The jury needed to decide if Defendant knew his transactions supported money laundering, and S.A. Koby "provided helpful context that aided the jury's understanding of money laundering concepts and how money laundering organizations operate." (D.I. 186 at 27). This probative value was not substantially outweighed by the danger of unfair prejudice, as Rule 403 requires for exclusion. Fed. R. Evid. 403. Given the important role that money laundering technicalities played in this case, and the fact that S.A. Koby did not directly testify about Defendant, the Court finds that his testimony did not present a danger of unfair prejudice that might warrant exclusion.

As Defendant has not demonstrated that there were any evidentiary errors in this case, the Court need not determine if or to what extent any errors may have affected the verdict. Because there were no evidentiary errors at trial, Defendant's motion for a new trial pursuant to Rule 33 must fail.

## III. CONCLUSION

For the reasons discussed, Defendant's Motion for Acquittal or for a New Trial will be denied. An appropriate Order will be entered.