IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent/Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 22-11-1 (MN) |
| | ) | |
| OLUGBENGA LAWAL | ) | |
| a/k/a Razak Aolugbengela, | ) | |
| | ) | |
| Movant/Defendant. | ) | |

## **MEMORANDUM ORDER**

Pending before the Court is Movant/Defendant Olugbenga Lawal's "Motion for Extension of Time to File Motion under 28 U.S.C. @ 2255 or in the Alternative for Equitable Tolling." (D.I. 270).  For the following reasons the Motion is denied.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a one-year statute of limitations for filing a § 2255 motion to vacate, set aside, or correct a sentence.  28 U.S.C. § 2255(f).  This one-year period runs from "the date on which the judgment of conviction becomes final."  28 U.S.C. § 2255(f)(1).[1]  When a movant files a direct appeal but does not seek certiorari review of that decision in the United States Supreme Court, the judgment of conviction becomes final, and the statute of limitations begins to run, upon expiration of the ninety-day period allowed for seeking certiorari review.  *See Clay v. United States,* 537 U.S. 522 (2003), *Kapral v. United States*, 166 F.3d 565 (3d Cir. 1999); Sup. Ct. Rr. 13.1 and 13.3.  In the instant case, the Third Circuit affirmed Movant's judgment on March 10, 2025[2] (D.I. 261), and he did not seek review by

---

[1]     Under the statute, there are three other dates from which the one-year period may run.  28 U.S.C. § 2255(f)(2)-(4).  Those circumstances, however, do not appear to be applicable here.

[2]     Movant incorrectly states that the Third Circuit's decision was issued on March 16, 2025. (D.I. 270 at 1).

the United States Supreme Court.  The ninety-day period for seeking certiorari review ended on Sunday, June 8, 2025, and under Rule 30 of the Rules of the Supreme Court of the United States that period extended to Monday, June 9, 2025.  Therefore, Movant's judgment became final on June 9, 2025, giving him until June 9, 2026 to timely file a § 2255 motion.

Third Circuit precedent provides that district courts have subject matter jurisdiction to rule on a motion for an extension of time to file a motion for relief pursuant to 28 U.S.C. § 2255 before the substantive motion for relief is actually filed.  *United States v. Thomas*, 713 F.3d 165, 174 (3d Cir. 2013).  Motions for an extension of time to file a § 2255 motion, however, should be granted sparingly, and district courts "should do so only when the principles of equity would make the rigid application of a limitation period unfair."  *Id.* (internal quotation marks omitted).  "The Supreme Court has instructed that equity permits extending the statutory time limit when a defendant shows that (1) 'he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'"  *Id.* (citing *Holland v. Florida*, 560 U.S. 631, (2010) (quoting *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005))).  Mere excusable neglect is insufficient to warrant equitable tolling.  *Id.*

Movant does not indicate the length of the extension he is requesting or what he believes his deadline is to file a § 2255 motion.  Movant merely states that he "filed the present motion promptly upon recognizing that the statute of limitation deadline was approaching."  (D.I. 270 at 4).  To support his claim for equitable tolling, Movant argues that in March 2025 his legal materials were confiscated following a disciplinary incident, that he spent forty-five days in a Special Housing Unit where his access to legal resources was severely restricted, that the legal materials he recovered were lost when he was transferred to a different prison in November 2025, and that

he has been unable to obtain copies of his legal documents from his former counsel or through institutional channels.  (D.I. 270 at 2, 4).

As noted already, Movant has requested an extension for an indeterminate amount of time into the future.  The Court, however, cannot find that Movant has demonstrated diligence for some unspecified amount of time, and Movant has not met his burden of demonstrating diligence for the entirety of the period for which he is seeking equitable tolling.  *See Wallace v. Superintendent Mahanoy SCI*, 2 F.4th 133, 148 (3d Cir. 2021) (holding § 2254[3] petitioner has burden "to establish that extraordinary circumstances prevented him from filing a habeas petition for the entirety of the period for which he has sought tolling"); *United States v. Navarro*, C.A. No. 18-2832, 2018 WL 7324798, at *1 (3d Cir. Dec. 13, 2018) (affirming determination that equitable tolling should not be applied to § 2255 motion because movant failed to show he acted with reasonable diligence during entire period at issue).

Additionally, Movant has more than forty days remaining to timely file his motion and has not indicated what would prevent him from, at minimum, filing a protective motion within that time.  *See Wallace*, 2 F.4th at 149-50 (holding § 2254 petitioner's failure to file protective federal habeas petition, as described by the Supreme Court in *Pace*, 544 U.S. at 416–17, undermined his diligence claim); *Brown v. Shannon*, 322 F.3d 768, 774 (3d Cir. 2003) (holding equitable tolling not applicable because § 2254 petitioner, with nearly one month left in limitations period, could have filed "at least a basic pro se habeas petition"); *see also United States v. Cash*, Criminal No. 19-190, 2025 WL 2403589, at *2 (W.D. Pa. Aug. 19, 2025) (denying equitable tolling because

---

[3]    Section 2254 of the AEDPA governs federal habeas relief requested by prisoners held in custody pursuant to the judgement of a state court.

movant, at any time before deadline, could have filed § 2255 motion presenting his arguments as completely as he could at that time).

Furthermore, although Movant has argued that his failure to obtain copies of his legal documents prevented him from filing a § 2255 motion, he has failed to explain why those documents are necessary to file his motion.  *See Thomas*, 713 F.3d at 174 (denying equitable tolling, in part, based on movant's failure to explain necessity of materials he claims he was deprived of); s*ee also Cash*, 2025 WL 2403589, at *2 (holding movant failed to demonstrate extraordinary circumstances resulting from missing certain materials because he did not explain the necessity of those materials to filing § 2255 motion); *Jones v. United States*, Civ. No. 14-4655 (RBK), 2017 WL 4235736, at *5 (D.N.J. Sept. 25, 2017) (recognizing and applying requirement that petitioner needs to explain necessity of materials he was deprived of to warrant application of equitable tolling).  To the contrary, Movant has identified claims he intends to include in his § 2255 motion.  (D.I. 270 at 2).

Finally, Movant's forty-five days in a Special Housing Unit with limited access to legal resources is also insufficient to warrant equitable tolling, especially because it appears Movant was returned to general population before his limitations period even began running.  *See Hall v. Emig*, C,A. No. 20-1291 (MN), 2023 WL 5135866, at *4 (D. Del. Aug. 10, 2023) (providing limited access to law library and legal materials is routine aspect of prison life, not extraordinary circumstance warranting equitable tolling), *certificate of appealability denied sub nom. Hall v. Delaware*, No. 23-2596, 2024 WL 823260 (3d Cir. Feb. 9, 2024); *see also Gonzalez v. United States*, 918 F. Supp. 2d 287, 290 (D. Del. 2013) (citing *Garrick v. Vaughn,* 2003 WL 22331774, at *4 (E.D. Pa. Sept. 5, 2003) (collecting cases) for principle that "[r]outine aspects of prison life

such as lockdowns, lack of access to legal resources, and disturbances . . . do not constitute extraordinary circumstances sufficient to equitably toll the statute of limitations").

THEREFORE, at Wilmington on this 27th day of April 2026, **IT IS HEREBY ORDERED** that:

1.     Movant/Defendant Olugbenga Lawal's "Motion for Extension of Time to File Motion under 28 U.S.C. @ 2255 or in the Alternative for Equitable Tolling" (D.I. 270) is **DENIED**.

2.     In the event Movant decides to pursue relief through a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, Movant is given notice that the AEDPA, 28 U.S.C. §§ 2244, 2255, applies to § 2255 motions. *See United States v. Miller*, 197 F.3d 644 (3d Cir. 1999). Except in extremely limited circumstances, the AEDPA requires a movant to file an all-inclusive motion within one year of the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of time for seeking such review, and also effectively precludes a movant from filing a second or subsequent § 2255 motion except in the most unusual of circumstances. *See* 28 U.S.C. § 2255(f), (h). As indicated above, Movant's deadline to file a § 2255 Motion under 28 U.S.C. § 2255(f)(1) is June 9, 2026. Should any claim arise that implicates 28 U.S.C. § 2255(f)(2), (3), or (4), the Court will consider if a later deadline is applicable.

The Honorable Maryellen Noreika
United States District Judge

5